IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES B. TRAWICK, | : | |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 10-374-LPS |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

---

Charles B. Trawick. *Pro se* Petitioner.

James T. Wakley, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

September 13, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Charles B. Trawick ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## II. BACKGROUND

In January 2002, Petitioner was charged by indictment with, *inter alia*, first degree robbery and aggravated menacing. (D.I. 13 at 3) Following a three-day jury trial in September, 2002, Petitioner was convicted on all charges. On December 9, 2002, Petitioner was sentenced as an habitual offender to life imprisonment plus a term of years. (*Id.*) On appeal, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on April 7, 2004. *See Trawick v. State*, 845 A.2d 505 (Del. 2004).

On June 9, 2009, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied on June 26, 2009. *See Trawick v. State*, 986 A.2d 1164 (Table), 2009 WL 4897743 (Del. Dec. 17, 2009). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on December 17, 2009. *Id.*

Petitioner filed the instant § 2254 Petition in May, 2010. (D.I. 1) The State filed an Answer, asserting that the Petition should be dismissed as time-barred. (D.I. 13)

## III. THE ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

1

law on April 23, 1996. *See* 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## IV. **DISCUSSION**

Petitioner's § 2254 Petition, docketed in May, 2010, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because he does not allege, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when

2

Petitioner's conviction became final under § 2244(d)(1)(A).[1]

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, Petitioner's conviction became final on July 6, 2004, because he did not seek certiorari review of the Delaware Supreme Court's April 7, 2004 decision regarding his direct appeal. Applying the one-year limitations period to that date, Petitioner had until July 6, 2005 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, waited until April 19, 2010[2] to file the Petition, nearly five full years after the expiration of the limitations period. Thus, his habeas Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

---

[1]The Court notes that Petitioner filed a "Motion to Amend" his Petition, which seeks to "add a constitutional violation that has just recently become available." (D.I. 16) To the extent this motion constitutes an attempt to trigger a later starting date for the limitations period under § 2244(d)(1)(C) or (D), it is unavailing. The motion does not explain or identify the new constitutional violation; nor do any of Petitioner's subsequent filings provide any further information. (D.I. 17; D.I. 19; D.I. 21; D.I. 22; D.I. 24; D.I. 25; D.I. 26)

[2]Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the Court adopts April 19, 2010 as the date of filing, because that is the date on the Petition.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). Although Petitioner filed a Rule 61 motion in the Superior Court, that motion has no statutory tolling effect because it was filed in June 2009, almost four years after the July 2005 expiration of the one-year federal habeas limitations period. Accordingly, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing" *Id.* at 2562. Mere excusable neglect is insufficient. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28,

2001).

Here, Petitioner has not alleged, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing the Petition. To the extent Petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Additionally, Petitioner has failed to demonstrate that he exercised the level of diligence in pursuing relief that is necessary to warrant equitable tolling. Significantly, Petitioner waited approximately five years after his conviction to file his Rule 61 motion, and then waited another five months after the Delaware Supreme Court affirmed the denial of his Rule 61 motion to file his § 2254 Petition. Therefore, the equitable tolling doctrine does not apply in this case.

Accordingly, the Court will dismiss the Petition as untimely.

## V.   **PENDING MOTIONS**

During the pendency of this proceeding, Petitioner filed a Motion to Amend the Petition (D.I. 16), and two Motions to Appoint Counsel (D.I. 21; D.I. 24). In his Motion to Amend, Petitioner states that he wants to add a "constitutional violation that has just recently become available," but he does not describe the alleged "new" constitutional violation. (D.I. 16) Although a district court may, in its discretion, permit an amendment to a habeas petition that clarifies or amplifies a claim or theory raised in the original petition, such an amendment is permissible only if the original petition itself was timely filed and the proposed amendment does not seek to add an entirely new claim. *See* Fed. R. Civ. P. 15(c); *United States v. Thomas*, 221 F.3d 430, (3d Cir. 2000). In this case, both the Petition and the Motion to Amend were filed after

5

the expiration of the federal habeas limitations period. Accordingly, the Court will deny the Motion to Amend.

In turn, having determined that it must deny the Petition as time-barred, the Court will deny the two Motions for Appointment of Counsel as moot.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. See id.

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VII. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.